Ismael Chaires PEREZ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–70007.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Ismael Chaires Perez, Wildomar, CA,
pro se.

CAC–District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. Lefevre, Chief Counsel, Office

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2). Accordingly, Moran's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Ismael Chaires Perez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision adopting and affirming the immigration judge's decision denying his motion to reopen removal proceedings to permit him to apply for protection under the Convention Against Torture. We deny the petition for review.

Chaires Perez contends that the Board and IJ erred in denying his motion to reopen as untimely. They did not deny the motion on this basis but instead denied it on the merits.

Chaires Perez also contends that he established a prima facie case of eligibility for CAT relief. This contention lacks merit because his general evidence regarding torture in Mexico does not show that it is more likely than not that he would be tortured if removed there. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.